1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 8  DESHAWN MALONE, | CASE NO. 1:09-cv-00505-SKO PC |
| 9              Plaintiff, | ORDER DISMISSING COMPLAINT, WITHOUT LEAVE TO AMEND |
| 10      v. | (Doc. 1) |
| 11  V. RANGEL, et al., | |
| 12              Defendants. | |
| 13 _____/ | |

14          Plaintiff Deshawn Malone ("Plaintiff") is a state prisoner proceeding pro se and in forma

15  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is in the custody of the

16  California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at

17  Kern Valley State Prison in Delano, California.  However, Plaintiff was incarcerated at the California

18  State Prison in Corcoran, California ("CSP-Corcoran") during the events described in his complaint.

19  Plaintiff is suing under section 1983 for the violation of his rights under the First Amendment.

20  Plaintiff names V. Rangel, Rodriguez, and other unknown property officers as defendants.  Plaintiff

21  has consented to jurisdiction by U.S. Magistrate Judge.  (Docs. #6, 8.)  Accordingly, all proceedings

22  in this action are conducted by U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

23          For the reasons set forth below, the Court finds Plaintiff's complaint fails to state any claims

24  upon which relief can be granted under Section 1983.  Plaintiff's complaint will be dismissed

25  without leave to amend.

26  **I.      Screening Requirement**

27          The Court is required to screen complaints brought by prisoners seeking relief against a

28  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

1

1    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

2    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

3    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

4    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

5    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

6    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

7         In determining whether a complaint fails to state a claim, the Court uses the same pleading

8    standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must

9    contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

10   R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

11   allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

12   accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

13   Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter,

14   accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550

15   U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's

16   liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id.

17   (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual

18   allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.

19   Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

20   statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

21   **II.    Background**

22        Plaintiff filed his complaint[1] on February 17, 2009.  (Doc. #1.)  Plaintiff complains that he

23   arrived at CSP-Corcoran's security housing unit ("SHU") on December 1, 2008.  Plaintiff was told

24   by an officer that "inmate (SHU) property issuance is (2) two months behind."  (Mot. Requesting

25   Temporary Injunctive Relief 2:7-12, ECF No. 1.)  Later, Plaintiff asked Defendant Rodriguez about

26

27        [1] Plaintiff's "complaint" is entitled "Motion Requesting Temporary Injunctive Relief."  (Mot. Requesting
     Temporary Injunctive Relief 1, ECF No. 1.)  However, given the contents of Plaintiff's "motion" and the fact that

28   there is no other filing on the docket that could be construed as a complaint, the Court construes Plaintiff's motion as
     a complaint requesting injunctive relief.

1    his property and was told that the "property room" was now three (3) months behind.  (Mot.

2    Requesting Temporary Injunctive Relief 2:13-18, ECF No. 1.)  Plaintiff was told that the delay was

3    because there was not enough help in the property room.

4           Plaintiff complains that prison policy requires property to be issued within fifteen (15)

5    working days.  Accordingly, Plaintiff authored a "group inmate appeal" complaining about the

6    property issue. (Mot. Requesting Temporary Injunctive Relief 3:9-11, ECF No 1.) Plaintiff's appeal

7    was submitted on January 1, 2009.  Plaintiff claims that prison policy states that informal responses

8    to inmate appeals are due within ten working days.  Plaintiff did not receive an informal level

9    response and Plaintiff submitted an "Inmate Request for Interview" form.  On January 25, 2009,

10   Plaintiff attempted to contact Defendant V. Rangel about the appeal.  Plaintiff complains that Rangel

11   never responded to Plaintiff's requests for an interview.

12          Plaintiff claims that exhaustion of his administrative remedies is required to bring suit in

13   federal court.  Plaintiff describes Defendants' failure to respond to his appeals as a "deliberate and

14   systemic impediment."  (Mot. Requesting Temporary Injunctive Relief 5:14-15, ECF No. 1.)

15   Plaintiff concludes that the Defendants' failure to respond to his appeals as "beared toward the right

16   of an inmate taken grievance against a state agency" as guaranteed by the First Amendment.  (Mot.

17   Requesting Temporary Injunctive Relief 6:5-8, ECF No. 1.)  Plaintiff contends that Defendants acted

18   to suppress Plaintiff's First Amendment right to file grievances against the government.

19   **III.    Discussion**

20          **A.     First Amendment/Retaliation Claim**

21          Plaintiff claims that Defendants suppressed Plaintiff's First Amendment right to file

22   grievances against the government by failing to respond to Plaintiff's grievance.  In the prison

23   context, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

24   the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

25   1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

26   F.3d 802, 807 (9th Cir. 1995).  "[A] viable claim of First Amendment retaliation entails five basic

27   elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because

28   of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

1   First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional

2   goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  An allegation of retaliation

3   against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim

4   under section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

5          Plaintiff fails to state a claim for the violation of his First Amendment rights.  Plaintiff's only

6   allegation against Defendant Rangel is that Rangel failed to respond to Plaintiff's group complaint.

7   The failure to respond to a group complaint cannot fairly be characterized as "retaliation" against

8   Plaintiff's right to file grievances.  There is nothing in Plaintiff's complaint that supports the

9   conclusion that Rangel deliberately ignored Plaintiff's group complaint "because of" Plaintiff's

10  protected conduct.  Further, Plaintiff does not allege that Rangel's action chilled Plaintiff's exercise

11  of his First Amendment rights.  While the Ninth Circuit has suggested that it is not necessary to

12  specifically allege a chilling effect when a litigant alleges that he suffered harm that is "more than

13  minimal," Plaintiff has not alleged that he suffered harm that is "more than minimal." Rhodes v.

14  Robinson, 408 F.3d 559, 568 n.11 (9th Cir. 2005).  The only "harm" that Plaintiff suffered is the lack

15  of response from his administrative complaint.  Such a frivolous allegation of "harm" is hardly

16  enough to support the inference that Plaintiff was chilled from exercising his First Amendment

17  rights.

18         The Court notes that the Prison Litigation Reform Act requires prisoners to exhaust their

19  administrative remedies prior to filing suit.  42 U.S.C. § 1997e(a).  Although Plaintiff does not

20  specifically raise this argument, a prisoner could arguably suffer "harm" by an official's failure to

21  respond to a grievance if it prevented that prisoner from exhausting their administrative remedy,

22  thereby preventing them from filing a federal lawsuit.  The Court rejects this argument as it is clear

23  that a prison official's failure to respond to a prisoner's administrative grievance would excuse that

24  prisoner's failure to exhaust his administrative remedies.  See Nunez v. Duncan, 591 F.3d 1217,

25  1224 (9th Cir. 2010) (prisoner's failure to timely exhaust administrative remedies is excused when

26  prisoner takes reasonable and appropriate steps to exhaust but was precluded from exhausting

27  through no fault of his own).  Plaintiff fails to state a claim against Defendant Rangel for retaliation

28  against Plaintiff's First Amendment right to file grievances against the government.

1    Plaintiff alleges that Defendant Rodriguez was the SHU property officer.  Plaintiff's only

2    allegation against Rodriguez is that Rodriguez told Plaintiff about the delay in the issuance of

3    Plaintiff's property, and that the delay was caused by under-staffing in the property room.  It is

4    unclear how Rodriguez's actions had any effect on Plaintiff's First Amendment right to file

5    grievances.  Accordingly, Plaintiff fails to state a claim against Rodriguez for retaliation against

6    Plaintiff's First Amendment right to file grievances against the government.

7    **B.    Due Process Claim**

8    To the extent that Plaintiff is attempting to raise a due process challenge to the temporary

9    deprivation of his property when he arrived in the SHU, the Court notes that such allegations are not

10   actionable under Section 1983.  The Due Process Clause protects prisoners from being deprived of

11   property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners

12   have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th

13   Cir.1974).  However, Plaintiff's complaint admits that the delay in receiving his property was not

14   an authorized deprivation--in fact it violated the prison's own policy/regulations regarding the time

15   limits for issuing property.  An unauthorized deprivation of a property interest, whether negligent

16   or intentional, does not violate the Due Process Clause when adequate post-deprivation remedies are

17   available to compensate Plaintiff.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  California Law

18   provides an adequate post-deprivation remedy for any unauthorized property deprivations.  Barnett

19   v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Therefore,

20   the delay in the issuance of Plaintiff's property is not a due process violation actionable under

21   Section 1983.

22   **IV.    Conclusion and Order**

23   Plaintiff fails to state a claim for interference with his First Amendment right to file

24   grievances against the government.  Under the First Amendment, prison officials may not interfere

25   with Plaintiff's right to file grievances.  However, nothing in the First Amendment requires prison

26   officials to respond to grievances after they are filed.  The Court notes that the Ninth Circuit has held

27   that prisoners do not have a substantive constitutional right of access to a particular inmate appeal

28   procedure.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d

1    639, 640 (9th Cir. 1988)).  Thus, Defendants' failure to respond to Plaintiff's administrative

2    complaint is not actionable under Section 1983.

3         The Court further finds that Plaintiff fails to state a due process claim premised on the

4    delayed issuance of his property.

5         The Court finds that Plaintiff's claims are not capable of being cured by granting further

6    leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding

7    rule that leave to amend should be granted even if no request to amend was made unless the court

8    determines that the pleading could not possibly be cured by the allegation of other facts); Noll v.

9    Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or

10   her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured

11   by amendment).  Therefore, the Court will recommend that Plaintiff's claim be dismissed without

12   leave to amend.

13        Accordingly, it is HEREBY ORDERED that:

14        1.    Plaintiff's complaint is DISMISSED, without leave to amend; and

15        2.    The Clerk is directed to close this action.

16

17   IT IS SO ORDERED.

18   **Dated:    July 28, 2010**                              **/s/ Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

6